UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NORMA L., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C22-5853-DWC <br><br> ORDER RE: SOCIAL SECURITY DISABILITY APPEAL |

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is **AFFIRMED**.

**I.     BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits (DIB) on October 3, 2019, alleging disability beginning August 31, 2016. AR 20. After the application was denied at the initial level and on reconsideration, Plaintiff requested a hearing before an Administrative Law

ORDER
PAGE - 1

Judge (ALJ). The ALJ held a hearing on August 2, 2021, and took testimony from Plaintiff and a vocational expert (VE). AR 63–85. Plaintiff amended her alleged onset date to November 1, 2018.[1] AR 21, 68. On September 1, 2021, the ALJ issued a decision finding Plaintiff not disabled.[2] AR 20–32. The Appeals Council denied Plaintiff's request for review on August 30, 2022, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see* 20 C.F.R. § 404.981. Plaintiff appeals the denial of disability benefits to this Court.

## II. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022).

## III. THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. At steps one through three, the ALJ found Plaintiff has not engaged in substantial gainful activity, has had one or more severe impairments, and has not had an impairment or combination of impairments that meet or equal the criteria of a listed impairment since the alleged onset date. AR 23–25. The ALJ found Plaintiff has the following severe impairments: obesity; major depressive disorder; generalized anxiety disorder; mild cognitive impairment; degenerative disc disease of the lumbar spine; and history of

---

[1] The hearing transcript indicates Plaintiff requested to amend the alleged onset date to October 10, 2018, at the hearing. AR 68. However, the ALJ's decision identifies November 1, 2018, as the amended alleged onset date, and Plaintiff confirms November 1, 2018, as the amended alleged onset date in the Opening Brief. Dkt. 11, at 1; AR 21.

[2] The record contains an adverse disability decision dated October 30, 2018, on a previous application for benefits. AR 89–104. The ALJ found changed circumstances rebutted the presumption of continuing non-disability in this case, "including newly developed degenerative disc disease." AR 20–21 (citing *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988)).

ORDER
PAGE - 2

subarachnoid hemorrhage secondary to mycotic aneurysm status post left frontal ventriculoperitoneal shunt. AR 23.

At step four, the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. § 404.1567(b), with the following limitations:

> [T]he claimant is occasionally able to climb ramps and stairs, but she is never able to climb ropes, ladders or scaffolds. She is frequently able to balance, and she is occasionally able to crouch, crawl, and kneel. The claimant is able to perform work that allows a sit/stand option permitting her to stand as needed for up to 25% of an eight-hour day. She should avoid exposure to extreme cold, vibration, and workplace hazards; she is able to perform simple, routine, repetitive tasks with a reasoning level of 1-2 with breaks every two hours.

AR 25–26. With that assessment, the ALJ found Plaintiff unable to perform any past relevant work. AR 30.

At step five, the ALJ found Plaintiff capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 31. The ALJ thus concluded Plaintiff has not been under a disability since the amended alleged onset. AR 32.

## IV.   DISCUSSION

Plaintiff raises the following issues on appeal: (1) Whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; (3) whether the ALJ properly evaluated the lay evidence; and (4) whether the ALJ properly assessed Plaintiff's RFC. Plaintiff requests remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

A.  <u>Dr. Jan G. Johnson, Ph.D.</u>

On November 29, 2016, Dr. Johnson observed Plaintiff "presented as mildly depressed and

ORDER
PAGE - 3

anxious" and "displayed some dependent and regressive behaviors" during a psychological assessment. AR 377. Dr. Johnson assessed Plaintiff's cognitive abilities to be "within normal range with the possible exception of her abstract abilities and attention/concentration" and similarly assessed Plaintiff's processing speed, visuospatial organization, and recall drawing to be within average range. AR 377. The doctor concluded that, "[i]f this testing data represents an accurate summary of [Plaintiff's] present condition, it is unlikely that [Plaintiff] is ready to return to the work that she is accustomed." AR 377.

The ALJ found Dr. Johnson's opinion "persuasive to the extent that the examiner's internal findings . . . support these limitations." AR 28. However, the ALJ found Dr. Johnson's opinion "does not provide a function-by-function analysis of the claimant's maximum abilities to perform mental work activities that is consistent with the overall evidence, including evidence that developed after the claimant's amended alleged onset date." AR 29.

Plaintiff argues the ALJ failed to account for Dr. Johnson's opinion that Plaintiff "has impaired memory, attention, and concentration" in the RFC. Dkt. 11, at 3. The RFC must include all the claimant's functional limitations supported by the record. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009); *see Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC."). Here, Dr. Johnson found Plaintiff's episodic and short-term memory to be within normal limits "with the exception of her ability to identify dates and/or her age for important events" and found Plaintiff to have "mild limitations in her attention/concentration abilities." AR 373. The RFC adequately accounts for Dr. Johnson's assessed limitations by limiting Plaintiff to performing "simple, routine, repetitive tasks with a reasoning level of 1-2 with breaks every two hours." AR 25–26. Plaintiff has not shown the ALJ

ORDER
PAGE - 4

erred when incorporating Dr. Johnson's opinion in the RFC. Indeed, the doctor assessed only that it was "possible" Plaintiff's attention and concentration abilities were not within normal limits, which assessment does not reasonably specify functional limitations. AR 377 (opining Plaintiff's cognitive abilities were "within normal range with the *possible* exception of her . . . attention/concentration" (emphasis added)); *see Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (finding limitations phrased equivocally, such as "limited" or "fair," fail to specify functional limitations). Therefore, Plaintiff has not shown the ALJ erred when evaluating Dr. Johnson's opinion or when assessing the RFC.

B. Dr. Stephen S. Meharg, Ph.D.

Plaintiff summarizes Dr. Meharg's treatment records dated February 28, 2017, and August 11, 2018, including the doctor's diagnoses and findings. Dkt. 11, at 3–5. Plaintiff, however, fails to identify any error in the ALJ's evaluation of Dr. Meharg's treatment records. Therefore, Plaintiff's reference to Dr. Meharg's treatment records fails to establish reversible error in this case. *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e will not consider any claims that were not actually argued in appellant's opening brief."); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

C. Other Medical Evidence

Plaintiff summarizes other medical evidence of record and asserts these records "provide[] further support for [Plaintiff's] testimony about her limitations." Dkt. 11, at 6. Plaintiff again fails to identify any specific error in the ALJ's evaluation of this medical evidence. *See Carmickle*, 533 F.3d at 1161 n.2 (declining to address issues not argued with any specificity). At most, Plaintiff argues for a different interpretation of the medical evidence, which fails to show reversible error

ORDER
PAGE - 5

in the ALJ's rational interpretation. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.").

### D. Non-Examining Opinions

Plaintiff argues the ALJ's analysis of the prior administrative findings "supports both a limitation to sedentary exertion and a sit/stand option." Dkt. 11, at 6. Regarding the sedentary limitation, Plaintiff's offers an alternative interpretation of the evidence and the ALJ's analysis, which, without further argument, is insufficient to establish reversible error. *See Indep. Towers*, 350 F.3d at 929 (declining to address assertions unaccompanied by legal arguments); *see also Morgan*, 169 F.3d at 601. Regarding the sit/stand option, the RFC provides that Plaintiff "is able to perform work that allows a sit/stand option permitting her to stand as needed for up to 25% of an eight-hour day" and, thus, provides a sit/stand option. AR 25–26. Therefore, the record does not support Plaintiff's argument.

Finally, Plaintiff argues the ALJ improperly found the prior administrative findings "'persuasive to the extent that it is supported by the state agency consultant's review of the records, including the opinions of Jan Johnson, Ph.D., and Stephen Meharg, Ph.D.,'" and argues the ALJ's explanation "is not a valid reason for discrediting the opinions of Dr. Johnson and Dr. Meharg." Dkt. 11, at 6–7 (citing AR 29). As discussed above, Plaintiff has not shown the ALJ erred when evaluating the opinions of Dr. Johnson, Dr. Meharg, or the non-examining opinions. Therefore, Plaintiff's argument fails to show reversible error in this case.

### 2. Subjective Testimony

Plaintiff argues the ALJ improperly evaluated Plaintiff's symptom testimony because the ALJ failed to evaluate the objective medical evidence properly. Dkt. 11, at 7. As discussed above,

ORDER
PAGE - 6

Plaintiff has not shown reversible error in the ALJ's evaluation of the opinions of Dr. Johnson, Dr. Meharg, the non-examining opinions, or the other medical evidence of record. Therefore, Plaintiff has not shown reversible error in the ALJ's evaluation of Plaintiff's subjective testimony.

Plaintiff argues the ALJ misapplied the "objective evidence test" by finding Plaintiff "'has a degree of limitation in her mental functioning, but not to the extent alleged.'" Dkt. 11, at 7 (quoting AR 27). "While subjective pain testimony cannot be rejected on the *sole ground* that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added); *see* 20 C.F.R. § 404.1529(c)(4) ("Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence."). Here, the ALJ identified several reasons for discounting Plaintiff's subjective testimony regarding her mental functioning, including by finding Plaintiff's testimony inconsistent with evidence of "normal mental status findings of memory, judgment, fund of knowledge, behavior, speech, thought content, grooming, hygiene, mood, and affect." AR 27. Therefore, the Court can meaningfully review the ALJ's reasons for discounting Plaintiff's symptom testimony. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851–52 (9th Cir. 2022) (the Court considers "the ALJ's full explanation" when reviewing whether substantial evidence supports the ALJ's evaluation of the claimant's subjective testimony).

Plaintiff argues evidence of "many normal mental status findings . . . do not negate the abnormal findings which support [Plaintiff's] testimony" and that evidence showing Plaintiff was able to produce normal performance results on more complex cognitive demand tests "is not a

ORDER
PAGE - 7

convincing reason to reject any of [Plaintiff's] testimony about her symptoms and functional limitations." Dkt. 11, at 8. Plaintiff again provides no argument or discussion to support these assertions. *See Indep. Towers*, 350 F.3d at (declining to "manufacture arguments where none is presented"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original). To the extent Plaintiff argues for an alternative interpretation of the evidence, such argument is insufficient to deprive the ALJ's interpretation of substantial evidence. *See Morgan*, 169 F.3d at 601.

Moreover, substantial evidence supports the ALJ's evaluation of Plaintiff's mental health symptom testimony. Despite Plaintiff's reports of memory problems, trouble maintaining focus, and speech difficulty, the ALJ cited evidence showing Plaintiff had "normal mental status findings of memory, judgment, funding of knowledge, behavior, speech, thought content, grooming, hygiene mood, and affect" on examination. AR 27 (citing AR 419, 425, 430, 437, 530, 545, 775, 876). The ALJ also found Plaintiff "denied ongoing symptoms of depression or anxiety during the period at issue" and that, although Plaintiff produced low scores on lower cognitive demand tests, she "was able to rally her attentional skills to produce normal performance results as the tests became more complex." AR 27 AR 27 (citing AR 396, 539, 546, 877). Additionally, as discussed above, Dr. Johnson assessed Plaintiff's cognitive abilities, processing speed, visuospatial organization, and recall drawing to be within average range, and Dr. Meharg found Plaintiff had "quite normal scores on most measures, including a few above average levels of performance," concluding "that the vast majority of [Plaintiff's] cognitive functions remain within the normal range." AR 377, 387. To the extent that Plaintiff's clinical findings showed some abnormalities with attention, concentration, or focus, the ALJ's RFC accounts for Plaintiff's cognitive difficulties

ORDER
PAGE - 8

by limiting Plaintiff to "simple, routine, repetitive tasks with a reasoning level of 1-2 with breaks every two hours." AR 26. Therefore, the ALJ reasonably found the severity of Plaintiff's alleged mental limitations to be inconsistent with the medical evidence, and the ALJ's reasoning has the support of substantial evidence.

Plaintiff next argues that, although Plaintiff lacked treatment from a mental health specialist, "there is no evidence that a mental health specialist could treat or cure [Plaintiff's] cognitive problems." Dkt. 11, at 8. Plaintiff further argues that, "to the extent that [Plaintiff] might have benefited from mental health treatment, there is no evidence that she understood this." *Id.* The Ninth Circuit Court of Appeals has "particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299–1300 (9th Cir. 1999) (internal quotation marks and citations omitted). Here, however, the ALJ did not reject Plaintiff's mental complaints solely based on the lack of mental health treatment; rather, as discussed above, the ALJ found Plaintiff's "mental status evaluations are replete with normal mental status findings." AR 27. Therefore, even if the ALJ erred by rejecting Plaintiff's testimony based on Plaintiff's lack of mental health treatment, this error would be harmless because the ALJ gave other valid reasons for rejecting Plaintiff's mental complaints, including by finding them inconsistent with normal findings in Plaintiff's mental status evaluations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (if one of an ALJ's reasons for discounting a Plaintiff's testimony was erroneous, such error is harmless if the ALJ gave other valid independent reasons).

Finally, Plaintiff summarizes Plaintiff's testimony regarding symptoms from her physical

and mental impairments and asserts the ALJ improperly rejected this testimony. Dkt. 11, at 8–11. In determining disability, the ALJ "consider[s] all [the claimant's] symptoms, including pain, and the extent to which [the claimant's] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R § 404.1529(a). Here, as described above, the ALJ properly considered Plaintiff's symptom testimony and gave valid reasons for discounting Plaintiff's subjective testimony about the severity of her mental health symptoms. Plaintiff has not challenged the ALJ's evaluation of Plaintiff's testimony regarding symptoms from her physical impairments. Therefore, Plaintiff's recitation of Plaintiff's testimony does not deprive the ALJ's decision of substantial evidence in this case.

### 3. Lay Witness Testimony

Plaintiff argues the ALJ improperly discounted the lay witness testimony of the SSA interviewer and the testimony of Plaintiff's mother, pastor, and friend, who identified deficits in Plaintiff's memory, concentration, focus, and ability to adapt to changes in routine. Dkt. 11, at 11–14. "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ found the lay witness statements contradicted the neurological assessment performed by Dr. Meharg, which "showed no clear signs of impairment, including basic measures of attention and calculation," and indicated Plaintiff was able to produce normal results on more complex cognitive demand tests. AR 28.

Plaintiff argues the lay witness statements do not contradict Dr. Meharg's assessment. Dkt. 11, at 14. Plaintiff provides no argument and cites to no evidence of record to support this assertion. Assertions unaccompanied legal arguments are insufficient to establish reversible error. *See Indep.*

*Towers*, 350 F.3d at 929.

Plaintiff next argues the ALJ's reasoning is not legally valid. Dkt. 11, at 14 (citing *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009)). In *Bruce v. Astrue*, the Ninth Circuit held that an ALJ may not discredit lay witness testimony based on its relevance or irrelevance to medical conclusions or based on its lack of support from the medical evidence in the record. *Bruce*, 557 F.3d at 1116. However, an ALJ may properly reject a lay witness statement based on inconsistency between the statement and the medical record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Here, the ALJ reasonably found the lay witness statements contradicted Dr. Meharg's neurological assessment. Although the lay witnesses testified Plaintiff had difficulties with memory, attention, focus, and changes in routine, Dr. Meharg found Plaintiff had "quite normal scores on most measures, including a few above average levels of performance," and concluded "that the vast majority of [Plaintiff's] cognitive functions remain within the normal range." AR 387. Therefore, the ALJ properly discounted the lay witness testimony by finding it inconsistent with Dr. Meharg's clinical findings and conclusions, and substantial evidence supports the ALJ's reasoning.

Even if the ALJ had erred when evaluating the lay witness statements, any such error would be harmless in this case. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). The ALJ's RFC adequately accounts for the memory, attention, focus, and adaptation limitations identified by the lay witnesses by limiting Plaintiff to "simple, routine, repetitive tasks with a reasoning level of 1-2 with breaks every two hours." AR 26. Therefore, any error in the ALJ's evaluation of the lay witness testimony would be inconsequential to the outcome of the case.

ORDER
PAGE - 11

4. **Steps Four and Five**

Plaintiff argues that the ALJ erred at steps four and five because the RFC and the VE hypothetical did not properly include all of Plaintiff's limitations. Dkt. 11, at 14–15. As discussed above, Plaintiff has not shown that the ALJ erred in evaluating the medical evidence, Plaintiff's symptom testimony, the lay witness testimony, or when assessing the RFC. *See Valentine*, 574 F.3d at 691–92 (limitations from properly discounted evidence does not need to be included in the RFC or f the VE hypothetical). Therefore, Plaintiff has not shown that the RFC or VE hypothetical was deficient or that the ALJ erred by relying on the VE testimony at step five.

## V. CONCLUSION

For the reasons set forth above, this matter is **AFFIRMED**.

DATED this 11th day of August, 2023.

David W. Christel
Chief United States Magistrate Judge

ORDER
PAGE - 12